UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**TIMOTHY F. MAJORS**,

      Plaintiff,

v.                                    Case No.: 6:16-cv-1467-Orl-31GJK

**VISTA CLINICAL DIAGNOSTICS, LLC**,
and **DAVIAN SAMUEL SANTANA**,

      Defendants.
_____/

### CASE MANAGEMENT REPORT

The Parties have agreed on the following dates and discovery plan pursuant to Fed.R.Civ.P. 26(f) and Local Rule 3.05(c):

| DEADLINE OR EVENT | PROPOSED DATE[1] |
|---|---|
| Mandatory Initial Disclosures (pursuant to Fed.R.Civ.P. 26(a)(1)as amended effective December 1, 2000) [Court recommends 30 days after CMR meeting] | December 9, 2016 |
| Certificate of Interested Persons and Corporate Disclosure Statement [each party who has not previously filed must file immediately] | Previously Filed |
| Motions to Add Parties or to Amend Pleadings [Court recommends 1- 2 months after CMR meeting] | March 15, 2017 |

---

[1] Defendants asserted at the case management conference that they would bring a number of counterclaims and affirmative defenses that would increase the complexity of the litigation. While Plaintiff reserves all rights to challenge the jurisdictional basis for any such counterclaims, as well as to raise any and all Rule 12 or other defenses to any counterclaims, the dates listed are predicated on the assumption that additional counterclaims survive any applicable jurisdictional or Rule 12 challenges and have the level of complexity asserted by Defendants at the conference.

1

| **DEADLINE OR EVENT** | **PROPOSED DATE** |
|---|---|
| Disclosure of Expert Reports<br><br>      Plaintiff / Counter-Plaintiff:<br>      Defendant / Counter-Defendant:<br>[Court recommends last exchange 6 months before trial and 1 - 2 months before discovery deadline to allow expert depositions] | September 27, 2017<br>October 27, 2017 |
| Discovery Deadline<br>[Court recommends 6 months before trial to allow time for dispositive motions to be filed and decided; all discovery must be commenced in time to be completed before this date] | November 27, 2017 |
| Dispositive Motions<br>[Court recommends 5 months before trial] | December 18, 2017 |
| *Daubert* Motions<br>[Court recommends 4 months before trial] | February 19, 2018 |
| Meeting In Person to Prepare Joint Final Pretrial Statement [10 days before Joint Final Pretrial Statement] | May 25, 2018 |
| Joint Final Pretrial Statement (*Including* a Single Set of Jointly-Proposed Jury Instructions and Verdict Form (with CD or emailed to chambers_FLMD_Presnell@flmd.uscourts.gov), Voir Dire Questions, Witness Lists, Exhibit Lists with Objections on Approved Form)  [Court recommends 6 weeks before Final Pretrial Conference] | May 7, 2018 |
| All Other Motions Including Motions *In Limine* [Court recommends 3 weeks before Final Pretrial Conference] | May 14, 2018 |
| Final Pretrial Conference [Court will set a date that is approximately 3 weeks before trial] | June 4, 2018 |

2

| **DEADLINE OR EVENT** | **PROPOSED DATE** |
|---|---|
| Trial Term Begins<br><br>[Local Rule 3.05 (c)(2)(E) sets goal of trial within 1 year of filing complaint in most Track Two cases, and within 2 years in all Track Two cases; trial term must not be less than 4 months after dispositive motions deadline (unless filing of such motions is waived); district judge trial terms begin on the first business day of each month; trials before magistrate judges will be set on a date certain after consultation with the parties] | June 25, 2018 |
| Estimated Length of Trial [trial days]<br>(including anticipated counterclaim, set-offs, and affirmative defenses) | Twelve Days |
| Jury / Non-Jury | Jury |
| Mediation<br><br>　　　　　　　　　　　　　　　Deadline:<br>　　　　　　　　　　　　　　　Mediator:<br>　　　　　　　　　　　　　　　Address:<br><br>　　　　　　　　　　　　　　　Telephone:<br><br>[Absent arbitration, mediation is mandatory; Court recommends either 2 - 3 months after CMR meeting, or just after discovery deadline] | December 15, 2017 |
| All Parties Consent to Proceed Before Magistrate Judge | Yes _____<br>No __X__<br>*Not Likely to Agree in Future on Consent to Proceed* |

3

**I.     Meeting of Parties in Person**

Lead counsel must meet *in person* and not by telephone absent an order permitting otherwise. Counsel will meet in the Middle District of Florida, unless counsel agrees on a different location. Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A),[2] a meeting was held in person on Friday, November 4, 2016 (date) at 4:00 P.M. EST (time) at the offices of Rumberger, Kirk & Caldwell (place) and was attended by:

| Name | Counsel for (if applicable) |
|---|---|
| **Michael A. Nardella, Esq.** | **Plaintiff** |
| **Adam C. Losey, Esq.** | **Plaintiff** |
| **Douglas B. Brown, Esq.** | **Defendants** |
| **Samantha Crawford Duke, Esq.** | **Defendants** |

**II.    Pre-Discovery Initial Disclosures of Core Information**

**Fed.R.Civ.P. 26(a)(1)(A) - (D) Disclosures**

Fed.R.Civ.P. 26, as amended effective December 1, 2000, provides that these disclosures are mandatory in Track Two and Track Three cases, except as stipulated by the parties or otherwise ordered by the Court (the amendment to Rule 26 supersedes Middle District of Florida Local Rule 3.05, to the extend that Rule 3.05 opts out of the mandatory discovery requirements):

The Parties _____ have exchanged __X__ agree to exchange (check one) information described in Fed.R.Civ.P. 26(a)(1)(A) - (D)   (check one) _____ on __X__ by December 9, 2016.

Below is a description of information disclosed or scheduled for disclosure.

---

[2]     A copy of the Local Rules may be viewed at http://www.flmd.uscourts.gov.

**III.   Electronic Discovery**

The parties have discussed issues relating to disclosure or discovery of electronically stored information ("ESI"), including Pre-Discovery Initial Disclosures of Core Information in Section II above, and agree that (check one):

_____ no party anticipates the disclosure or discovery of ESI in this case;

  X   one or more of the parties anticipate the disclosure or discovery of ESI in this case.  The parties are reviewing an ESI protocol and anticipate resolving the identified issues relating to the ESI discovery.  Defendants will estimate the costs associated with the ESI, and may seek cost sharing as to some specifications that it considers over broad, and unreasonably burdensome.  Plaintiff will estimate the costs associated with the ESI, and may seek cost sharing as to some specifications that it considers over broad, and unreasonably burdensome.

If disclosure or discovery of ESI is sought by any party from another party, then the following issues shall be discussed:[3]

A.   The form or forms in which ESI should be produced.

B.   Nature and extent of the contemplated ESI disclosure and discovery, including specification of the topics for such discovery and the time period for which discovery will be sought.

C.   Whether the production of metadata is sought for any type of ESI, and if so, what types of metadata.

---

[3]   See Generally: *Rules Advisory Committee Notes* to the 2006 Amendments to Rule 26(f) and Rule 16.

D. The various sources of ESI within a party's control that should be searched for ESI, and whether either party has relevant ESI that it contends is not reasonably accessible under Rule 26(b)(2)(B), and if so, the estimated burden or costs of retrieving and reviewing that information.

E. The characteristics of the party's information systems that may contain relevant ESI, including, where appropriate, the identity of individuals with special knowledge of a party's computer systems.

F. Any issues relating to preservation of discoverable ESI.

G. Assertions of privilege or of protection as trial-preparation materials, including whether the parties can facilitate discovery by agreeing on procedures and, if appropriate, an Order under Federal Rules of Evidence Rule 502. If the parties agree that a protective order is needed, they shall attach a copy of the proposed order to the Case Management Report. The parties should attempt to agree on protocols that minimize the risk of waiver. Any protective order shall comply with Local Rule 1.09 and Section IV.F. below on Confidentiality Agreements.

H. Whether the discovery of ESI should be conducted in phases, limited, or focused upon particular issues.

    I.    Please state if there are any areas of disagreement on these issues and, if so, summarize the parties' positions on each: The parties agree in concept on all of the above issues, and to the extent issues arise will work in good faith to resolve any issues.

If there are disputed issues specified above, or elsewhere in this report, then (check one):

\_\_\_\_\_ one or more of the parties requests that a preliminary pre-trial conference under Rule 16 be scheduled to discuss these issues and explore possible resolutions. Although this will be a non-evidentiary hearing, if technical ESI issues are to be addressed, the parties are encouraged to have their information technology experts with them at the hearing.

**If a preliminary pre-trial conference is requested, a motion shall also be filed pursuant to Rule 16(a), Fed.R.Civ.P.**

Defendants assert that a preliminary pre-trial conference may assist the parties as to the issue of the scope of discovery based on Plaintiff's position at the meeting of counsel that it intends to object to discovery related to any counterclaim (or presumably an affirmative defense or set-offs) when the answer and counterclaim have not been filed and are not yet due. Plaintiff believes that a pre-trial conference on issues related to counterclaims that have not been filed would be premature, and Plaintiff will address any objections to discovery as they arise in the ordinary course of litigation.

**IV.   Agreed Discovery Plan for Plaintiffs and Defendants**

    **A.   Certificate of Interested Persons and Corporate Disclosure Statement —**

This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form. No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate

Disclosure Statement. A motion, memorandum, response, or other paper — including emergency motion — is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement. Any party who has not already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:

__X__ Yes

_____ No          Amended Certificate will be filed by _____

                   (party) on or before _____ (date).

    **B.**     **Discovery Not Filed —**

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03. The Court encourages the exchange of discovery requests on diskette. *See* Local Rule 3.03 (f). The parties further agree as follows: Files shall be exchanged via Secure File Transfer Protocol if possible, or otherwise exchanged in a secure and efficient method that preserves salient metadata fields.

    **C.**     **Limits on Discovery —**

Absent leave of Court, the parties may take no more than ten depositions per side (not per party). Fed.R.Civ.P. 30(a)(2)(A); Fed.R.Civ.P. 31(a)(2)(A); Local Rule 3.02(b). Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts. Fed.R.Civ.P. 33(a); Local Rule 3.03(a). Absent leave of Court or stipulation of the parties each deposition is limited to one day of seven hours. Fed.R.Civ.P. 30(d)(2). The parties may agree by stipulation on other limits on discovery. The Court will consider the parties' agreed dates, deadlines, and other limits in entering the scheduling order. Fed.R.Civ.P. 29. In

addition to the deadlines in the above table, the parties have not agreed to further limit discovery.

      **D.**    **Discovery Deadline —**

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline. In addition, the parties agree as follows:

The parties shall meet and confer and attempt to resolve in good faith all discovery disputes, and in the event of disagreement, will consider the use of a special master to address discovery disputes where appropriate.

Defendants believe there are a large number of entities are owned in part or in their entirety and/or controlled by Plaintiff Majors. The parties agree to work together to try to combine corporate representative notices by stipulation to avoid repetitive and unnecessary depositions.

      **E.**    **Disclosure of Expert Testimony —**

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed.R.Civ.P. 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness. The parties agree on the following additional matters pertaining to the disclosure of expert testimony: None.

      **F.**    **Confidentiality Agreements —**

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. The Court is a public

forum, and disfavors motions to file under seal. The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need. *See Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013 (11th Cir. 1992); *Wilson v. American Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985). A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support. The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as "confidential." There is no need for the Court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality agreements. *See* Local Rule 4.15. Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need." With respect to confidentiality agreements, the parties agree as follows:

The parties anticipate submitting a mutually agreeable protective order with appropriate non-waiver, clawback, and confidentiality provisions.

    G.    **Other Matters Regarding Discovery —**

V.    **Settlement and Alternative Dispute Resolution.**

    A.    **Settlement —**

The parties agree that settlement is

    \_\_\_\_\_ likely    \_\_X\_\_ unlikely  (check one)

The parties request a settlement conference before a United States Magistrate Judge.

    \_\_\_\_\_ yes    \_\_X\_\_ no    \_\_\_\_\_ likely to request in future.

**B.     Arbitration —**

The Local Rules no longer designate cases for automatic arbitration, but the parties may elect arbitration in any case.  Do the parties agree to arbitrate?

    \_\_\_\_\_ yes         \_\_X\_\_ no        \_\_\_\_\_ likely to agree in future

    \_\_\_\_\_ Binding        \_\_\_\_\_ Non-Binding

**C.     Mediation —**

Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules. The parties have agreed on a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation.  The list of mediators is available from the Clerk, and is posted on the Court's web site at http://www.flmd.uscourts.gov.

The parties will discuss and decide upon a mediator by November 1, 2017.

**D.     Other Alternative Dispute Resolution —**

The parties intend to pursue the following other methods of alternative dispute resolution:  Consideration of the use of a Special Master when appropriate to address discovery issues.

Dated:  11/16/2016.

**Signature of Counsel (with information required by Local Rule 1.05(d)) and Signature of Unrepresented Parties.**

| | |
|---|---|
| */s/ Adam C. Losey*<br>Michael A. Nardella, Esq.<br>Florida Bar No. 051265<br>Email:  mnardella@nardellalaw.com<br>**NARDELLA & NARDELLA, PLLC**<br>250 East Colonial Drive, Suite 102<br>Orlando, FL 32801<br>Telephone: (407) 966-2680 | */s/Douglas B. Brown*<br>Douglas B. Brown, Esq.<br>Email:  dbrown@rumberger.com<br>Daniel J. Gerber, Esq.<br>Email:  dgerber@rumberger.com<br>Suzanne B. Hill, Esq.<br>Email:  shill@rumberger.com |

| | |
|---|---|
| and<br><br>Adam C. Losey, Esq.<br>Florida Bar No. 69658<br>Email: alosey@foley.com<br>**FOLEY & LARDNER LLP**<br>111 North Orange Ave.<br>Suite 1800 Orlando, FL 32801<br>Telephone: (407)244-7136<br>*Counsel for Plaintiff* | Samantha C. Duke, Esq.<br>Email:  sduke@rumberger.com<br>**RUMBERGER, KIRK & CALDWELL, P.A.**<br>P.O. Box 1873<br>Orlando, FL 32802-1873<br>Telephone: (407) 872-7300<br>*Counsel for Defendants* |